IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANDREIA REESE and | § | |
| MICHAEL REESE | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION CAUSE NO. 1:23-cv-00580 |
| SPECIALIZED LOAN SERVICING, LLC | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.      Defendant Specialized Loan Servicing, LLC ("Defendant" or "SLS") hereby removes this action from the 53rd Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, on the basis of the following facts, which demonstrate the existence of diversity jurisdiction:

### I.      INTRODUCTION

2.      On April 27, 2023, Plaintiffs Andreia Reese and Michael Reese ("**Plaintiffs**") commenced a civil action against Defendant in the 53rd Judicial District Court of Travis County, Texas, bearing Cause No. D-1-GN-002214 (the "**State Court Action**"), styled *Andreia Reese and Michael Reese v. Specialized Loan Servicing, LLC*, by filing Plaintiffs' Original Verified Petition to Quiet Title and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "**Petition**"). *See* Plaintiffs' Original Verified Petition to Quiet Title and

Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, attached hereto as **Exh. A**.

3. SLS was served on May 4, 2023.

4. This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C.§ 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and complete diversity of citizenship exists. Therefore, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## II.   PROCEDURAL HISTORY

5. On April 28, 2023, Plaintiffs filed their Petition. *See* **Exh. A**.

6. On April 28, 2023, Plaintiffs were granted a temporary restraining order, as sought by their Petition. *See* **Exh. H**.

7. On May 4, 2023, Plaintiffs served Defendant with the Petition. *See* **Exhs. B, C**.

8. On May 8, 2023, Plaintiffs and Defendant entered into a Rule 11 Agreement to continue an injunction hearing set in the matter. *See* **Exh. F**.

## III.   REMOVAL IS PROPER IN THIS CASE

**A.   The amount in controversy exceeds $75,000.**

9. The amount in controversy requirement is satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.,* 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition); *see also St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("[t]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is "facially apparent" from the petition that the claims

probably exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg,* 134 F.3d at 1253 n. 13.

10. Where a plaintiff seeks equitable and declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 640 (5th Cir. 2003) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347, (1977)).

11. Furthermore, "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar Mortgage LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1051 (W.D. Tex. 2010); *Lemessa v. Wells Fargo Bank, N.A.*, No. G-10-0478, 2010 WL 5125956 (S.D. Tex., Dec. 9, 2010); *see also Morales v. Wells Fargo Bank, N.A.*, No. SA-13-CA-410-XR, 2013 WL 12131237, at *2 (W.D. Tex. July 24, 2013*)* ("When the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy…As such, the majority of federal district courts have held that the value of declaratory and injunctive relief to plaintiffs in suits seeking to set aside or prevent foreclosure is the current appraised fair market value of the property"); *McDonald v. Deutsche Bank Nat. Trust Co.*, Civ. A. No. 3:11–CV–2691–B, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011) ("[A] request for an injunction calls into question the right to the property in its entirety and the amount in controversy is equal to the value of the property."); *Berry v. Chase Home Finance, LLC*, No. C–09–116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27,

2009) (holding that the value of declaratory and injunctive relief is the current appraised fair market value of the property).

12. In this matter, Plaintiffs seek to quiet title to a property located at 13204 Constellation Drive, Manor, Texas 78653 (the "**Property**"). A suit to remove cloud or to quiet title seeks an equitable remedy. *Katz v. Rodriquez*, 563 S.W.2d 627, 629 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.). Here, the object of the litigation is the Property, which the Plaintiffs concede. *See* Pls. Pet., Exh. A, ¶¶ 11-33. Moreover, the assessed value of the Property for the year 2022 was $358,239 and the year 2023 was $351,070. *See* Travis County Appraisal District Summaries, attached hereto as **Exh. I**.[1]

13. Additionally, Plaintiffs admit in their Petition that the mortgage and lien at issue for the Property totals $106,712.00. Pursuant to Travis County property records, this lien remains active. *See* Deed of Trust and Notice of Acceleration and Notice of Trustee's Sale, attached hereto as **Exh. J**.[2]

14. Therefore, removal is appropriate as the amount in controversy exceeds the jurisdictional amount.

   **B.   There is complete diversity of citizenship.**

15. Plaintiffs and Defendant are of diverse citizenship.

---

[1] It is appropriate for this Court to take judicial notice of the Travis County Appraisal District Summary because it is a public record and the information it provides is readily ascertainable and is relevant to the matter at hand. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Govea v. JP Morgan Chase Bank, N.A.*, No. H-10-3481, 2010 WL 5140064 (S.D. Tex., Dec. 10, 2010) (print-out from Harris County Appraisal District's website showing appraised fair-market value sufficient to establish value of property).

[2] It is appropriate for this Court to take judicial notice of the Travis County property records, as they are public records and the information is readily ascertainable and relevant to the matter at hand. *See Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB a Tr. of Upland Mortgage Loan Tr. A*, 528 F. Supp. 3d 647, 658 (E.D. Tex. 2021), aff'd sub nom. *Kovalchuk v. Wilmington Sav. Fund Soc'y*, No. 21-40281, 2021 WL 5119705 (5th Cir. Nov. 3, 2021) (Property records, including a deed of trust and notice of trustee's sale were judicially noticed.).

16. "'[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members'…So, to establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)).

17. SLS is a limited liability company organized and existing under the laws of the State of Delaware. SLS's sole member is Specialized Loan Servicing Holdings LLC ("SLS Holdings"). SLS Holdings is a limited liability company organized and existing under the laws of the State of Delaware. SLS Holdings' sole member is Computershare Mortgage Services, Inc. ("Computershare Mortgage Services"). Computershare Mortgage Services is a corporation organized and existing under the laws of the State of Delaware. Currently and at the time this action was filed, Computershare Mortgage Services' principal place of business and the nerve center from where it officers direct, control, and coordinate the corporation's activities are and were located in the State of Colorado. Currently and at the time this action was filed, Computershare Mortgage Services is and was not a citizen of the state of Texas and does not and did not maintain its principal place of business or nerve center in the state of Texas.

18. According to Plaintiffs' Petition, Plaintiffs are citizens of Texas, residing in Travis County, Texas. *See* Pls. Pet., Exh. A, ¶ 4.

19. Accordingly, because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000, this action shall be properly removed.

**C.    The procedural requirements for removal have been satisfied.**

20. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of May 4, 2023, the date that Defendant was served with Plaintiffs' Petition.

21. Venue for this removal is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to Travis County, Texas, the place where the state court action is pending.

22. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the district clerk of the state court where the action is currently pending. Copies of the Notice of Removal to the State Court Action, together with this Notice of Removal, are being served upon counsel or all parties pursuant to 28 U.S.C. § 1446(d).

23. Pursuant to 28 U.S.C. § 1446(a), Exhibits A – H set forth true and correct copies of the following documents from the State Court Action:

> **Exhibit A**: Plaintiff's Petition
>
> **Exhibit B**: Citation
>
> **Exhibit C**: Service of Process
>
> **Exhibit D**: Civil Docket Sheet.
>
> **Exhibit E**: Amended Citation Request
>
> **Exhibit F**: Rule 11 Agreement
>
> **Exhibit G**: Register of Actions
>
> **Exhibit H**: Temporary Restraining Order

24. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief may be granted, without admitting that Plaintiffs have standing, and without admitting that Plaintiffs are entitled to any monetary or equitable relief whatsoever.

25. The undersigned has signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, in accordance with 28 U.S.C. § 1446(a).

## IV.     CONCLUSION

WHEREFORE, Defendant removes this action from the 53rd District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated: May 23, 2023

Respectfully submitted,

By: */s/James V. Earl*
James Earl
State Bar No. 24099133
JVEarl@duanemorris.com

**DUANE MORRIS LLP**
Las Cimas IV
900 S. Capital of Texas Hwy, Suite 300
Austin, Texas 78746-5435
Tel.: (512) 277-2247
Fax: (512) 277-2301

*Attorney for Specialized Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I certify that on May 23, 2023, a true and correct copy of the foregoing document was served via email on all counsel of record:

Pamela Foster Davis
PDF Law
100 Congress Ave., Suite 2000
Austin, TX 78701

*Counsel for Plaintiffs*

                                                */s/ James V. Earl*
                                                James V. Earl